No. 58.—EDWARD CAREY, assignee of the Bank of Columbus, defendant in error *ads.* CHARLES H. RICE, receiver of the assets of the Bank of Macon, plaintiff in error.

[1.] Where the bill of exceptions to the decision of the Court below on a demurrer to a bill of review, was duly certified by the presiding Judge thereof, which contained a clear statement of the points made and decided by him on the demurrer, as well as the grounds of the decision; *it was held*, that the *formal* order overruling the demurrer, and the *special* reasons of the Court below for its judgment, were not indispensably necessary to the hearing of the cause in the Supreme Court.

Suggestion of diminution of the Record. Supreme Court of the State of Georgia. Hawkinsville. June Term, 1847.

The defendant in error excepted to the record in this case sent up from the Court below, as being incomplete and incorrect.

First. Because it did not contain the opinion of the Judge of the Court below, which was delivered in writing, and ordered to be entered on the minutes of the Court below, and was so entered. Nor did it contain the *formal* order or decree of the Court below with which said opinion concluded, overruling the demurrer to the bill of review, and ordering that the decree in the case sought to be reviewed, should be reviewed, reversed and set aside. Which *formal* order or decree was entered upon the minutes of the Court below.

Second. Because it did not contain the *formal* order drawn up by counsel for the defendant in error, and entered on the minutes as the judgment of reversal.

Third. Because it represented that the demurrer was overruled and the bill of review was retained; whereas the actual decision went further, as contained in the *formal* order and decree aforenoticed, and was, that the decree in the case sought to be reviewed should be reviewed, reversed and set aside.

The foregoing objections were verified by the affidavit of the defendant, pursuant to the XVIII Rule of Court.

The exceptions were argued by CHAPPELL & POE, for the defendant in error, and by MCDONALD & BAILEY, for the plaintiff in error.

Carey *vs.* Rice.

*Per Curiam*—WARNER, J. delivering judgment.

NOTE.—His Honour Judge LUMPKIN, being a stockholder of the Bank of Columbus, gave no opinion.

The fifth section of the act organizing this Court declares, [1.] "That the Supreme Court shall proceed at the first term (unless prevented by providential cause,) to hear and determine each and every cause, which may, in manner aforesaid, be sent up from the Court below, upon the record and bill of exceptions, on the grounds therein specified and on no other grounds."

The 18th rule of this Court declares, "No cause shall be heard until a complete record shall be filed, containing in itself without reference *aliunde*, all the papers, exhibits, depositions and other proceedings which are necessary to the hearing in this Court."

Does the record now before the Court contain so much of the proceedings of the Court below as are necessary to the hearing of the cause in this Court? We think it does without reference *aliunde*. The objection is, that the record does not contain the formal order of the Court below, overruling the demurrer, and the reasons which the Court gave for its judgment.

The bill of exceptions duly certified by the presiding Judge of the Court below, clearly states what was the decision of that Court on the several points made by the demurrer, and the grounds of that decision; and the only question for this Court to determine is, whether such decision was made in conformity with the rules of law and principles of equity governing such cases. The *reasons* which the Court below gave for its decision might be interesting and instructive, but we do not think them *indispensably necessary* to the hearing of the cause in this Court.

The bill of exceptions duly certified by the presiding Judge, affords plenary evidence as to what points were made before him in the Court below, and the decision of the court thereon, and the assignment of error must be confined to the points made by the bill of exceptions. Exceptions to the record overruled.